UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CORNELL MOBLEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 21-cv-2237-MMM |
| | ) |
| MICHAEL DOWNEY, et al., | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and held at the Jerome Combs Detention Center ("Jerome Combs") in Kankakee, Illinois, pursues a claim regarding his medical treatment, without identifying the statutory basis for the action. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### MATERIAL FACTS

Plaintiff is a diabetic and asserts that Jerome Combs does not have medical staff available to administer medication to diabetic detainees. Instead, correctional officers would oversee detainees while they self-administered their medication. On August 27, 2020 at 8:00 PM, Defendant Officer Meli directed Plaintiff to check his blood glucose levels. Plaintiff did so,

1

finding that his glucose level was 232. Normal glucose levels for a fasting, non-diabetic individual range from 70-130 mg/dl; and for a non-fasting, non-diabetic should not exceed 140 mg/dl.[1] Defendant Meli reviewed an insulin chart and told Plaintiff to take four units of Humulin R, a short-acting insulin.[2] Plaintiff did so and claims that in the middle of the night, he suffered a diabetic seizure, falling from his bed.

Plaintiff regained consciousness after the seizure to find Officer Vinke and four inmates attending him. Officer Clem also arrived as a "first responder," as Jerome Combs did not have medical personnel on site after 10:00 PM. The officers determined that Plaintiff's blood sugar was likely too low. They gave Plaintiff juice and had him check his blood glucose level which registered at only 46 mg/dl. Officer Vinke explained to Plaintiff that he had suffered a diabetic seizure due to low blood sugar.

Later, Officers Vinke and Clem, who are not named as parties, examined the insulin dosage chart. They showed the chart to Plaintiff, noting that he should have self-administered two units of Humulin R rather than four units, as told by Defendant Meli. Plaintiff claims that officers Vinke and Clem wrote up Defendant Meli over the incident.

Plaintiff that Defendant Meli, Nurse Practitioner Shannon Haggard and Chief Kolitwenzew engaged in "medical negligence." He asserts that Defendant Meli negligently recommended the wrong dose of insulin; that Defendant Haggard was negligent in not examining him after he suffered the seizure, and that Defendant Kolitwenzew was negligent for not having medical staff on the premises during the overnight hours. Plaintiff also names Sheriff Downey and physician, Nick Castellano, but pleads no claims against them.

---

[1] https://en.wikipedia.org/wiki/Blood_sugar_level.
[2] https://www.drugs.com/humulin-r.html.

## ANALYSIS

Plaintiff has not identified his claim as arising under section 1983, only identifying the legal basis for his claim as "unknown." [ECF1 at 1]. To state a § 1983 Fourteenth Amendment due process claim against Defendant Meli or others, Plaintiff must have pled that their conduct was objectively unreasonable, that they "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2nd Cir. 2017). "'[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process.'" *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015) (emphasis in original) (internal citation omitted). *See id*. "Historically, this guarantee of due process has been applied to *deliberate* decisions of government officials to deprive a person of life, liberty, or property". Thus, if an officer's Taser goes off by accident or if an officer unintentionally trips and falls on a detainee, causing him harm, the pretrial detainee cannot prevail on an excessive force claim."

Here, Plaintiff asserts that Defendants acted negligently, not that they were aware of an excessive risk to Plaintiff and failed to take reasonable care to mitigate that risk. *See Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015) (negligently inflicted harm does not amount to a constitutional violation); *Kingsley*, 135 S. Ct. at 2472; *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) ("[n]egligence on the part of an official does not violate the Constitution…"). As a result, we are left with a state law negligence claim filed in federal court.

The federal courts are courts of limited jurisdiction and have an independent duty to determine whether they have subject-matter jurisdiction over a controversy. *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994). The courts must look to the complaint to determine whether "the complaint to say enough about jurisdiction to create some reasonable

likelihood that the court is not about to hear a case that it is not supposed to have the power to hear." *Id*. at 778.

The federal courts may assert jurisdiction over two types of cases: those involving diversity of citizenship and those involving a federal question arising under the Constitution, laws, or treaties of the United States. *David v. Bayview Loan Servicing, LLC*, 2016 WL 1719805, at *3 (N.D. Ill. Apr. 29, 2016). Here, Plaintiff does not plead, and the facts do not support, diversity jurisdiction. When the Court considers whether Plaintiff has identified a federal question, it notes that Plaintiff has not identified his claims as arising under federal law or alleged that any Defendant was acting under color of law at the time he was harmed. "[I]t is long-settled law that a cause of action arises under federal law only when the plaintiff's well pleaded complaint raise[s] issues of federal law." *Rice v. Panchal*, 65 F.3d 637, 639 (7th Cir. 1995), *as amended on denial of reh'g* (Nov. 6, 1995) (internal citation omitted). Plaintiff's complaint pleads only a state law medical negligence claim. As a result, the Court does not have federal subject matter jurisdiction over this controversy. This case is dismissed without prejudice to Plaintiff filing in state court.

**IT IS THEREFORE ORDERED:**

1)   Plaintiff's complaint is dismissed for this Court's lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and 28 U.S.C. § 1915A. This dismissal is without prejudice to Plaintiff asserting his claims in state court. The clerk is directed to close this case and enter a judgment pursuant to Fed. R. Civ. P. 58.

2)   Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

3) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.


| 1/3/2022 | s/Michael M. Mihm |
|---|---|
| ENTERED | MICHAEL M. MIHM |
| | UNITED STATES DISTRICT JUDGE |